Dear Mr. Harris:
This office is in receipt of your opinion request, which has been assigned to me for research and reply. In your request you state that the Office of the Legislative Auditor is considering the acquisition of a second car to be used to carry out the duties of your office. One of the uses contemplated for this vehicle is for investigative audit purposes and similar investigative work which usually culminate in referrals for possible criminal charges.
You specifically ask whether a vehicle used in these investigative audits must bear public license plates and conspicuous decals pursuant to LSA-R.S. 49:121 (A)(1) which, in part, states:
 "Every boat, watercraft, aircraft, automobile, truck, or other vehicle belonging to the state or to any of its political subdivisions, or to any department, board, commission, or agency of any of its political subdivisions shall, if required by law to bear a Louisiana license plate, bear a public license plate, and each such vehicle also shall have inscribed, painted, decaled, or stenciled conspicuously thereon . . . the name of the board, commission, department, agency, or subdivision of the state to which the boat, watercraft, aircraft, automobile, truck, or other vehicle belongs . . ."
This general rule does allow for an exception, LSA-R.S.49:121 (E) which, in applicable part, states:
 "Those vehicles used in crime prevention and detection and similar investigative work, which if identified as required by this Section could not be used effectively for such purposes, are exempt from the provisions of this Part . . ."
This office addressed a similar situation in Opinion Number 89-346. The facts presented in that opinion concerned the use of vehicles by the Office of Financial Institutions in investigations of financial institutions without the required accoutrement under R.S. 49:121. Similar concerns were expressed regarding possible decreased effectiveness of investigations if marked cars were required.
That opinion cited language from an earlier answered request, Opinion Number 80-1232, which we reaffirm:
 "[t]he exemption provided at Section 121E does not require that an automobile of an agency be used exclusively for the purposes of crime prevention and detection, and similar investigative work in order that the agency might avail itself of the provision. It is our opinion that so long as the automobile is used a portion of the time for purposes of crime prevention and detection, and similar investigation work, the exemption found at R.S. 42:121E is applicable." Op. Atty. Gen. No. 89-346, p. 2.
The investigative audits performed by your office appear to be implemented only when a strong suspicion of failure(s) to comply with laws and regulations exists. The use of a vehicle in these investigations identifying the Legislative Auditor's Office would greatly cripple the successful collection of evidence from those under investigation and, subsequently, hindering any criminal charges that might result. Therefore, it is the continuing opinion of this office that such vehicles do not have to be marked as provided in R.S. 49:121 (A).
I trust this sufficiently answers your request. Should you have any further questions, please do not hesitate to contact our office.
Very truly yours,
 Richard P. Ieyoub Attorney General
 By: Roland Dartez Assistant Attorney General